IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FATTU D. SALIA, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Civil No. **PJM 09-2639** |
| **RYLAND HOMES, et al.** | * | |
| Defendants | * | |

## **MEMORANDUM OPINION**

Fattu Salia and Sao Vandi have sued Ryland Homes; Washington Mutual; Long Beach Mortgage; and Bierman, Geesing & Ward, LLC, alleging civil conspiracy to defraud, unfair and deceptive trade practices, aiding and abetting fraud, fraudulent misrepresentations, unjust enrichment, civil conspiracy, violation of the federal Fair Debt and Collection Practices Act, violation of Maryland's Real Property Mortgage Fraud Protection Act, and equitable estoppel, all in connection with Plaintiffs' purchase of their home in Bowie, Maryland, in August 2006. In response, Defendants Ryland Homes and Bierman, Geesing & Ward, LLC filed Motions to Dismiss. Plaintiffs failed to respond to either Motion in a timely manner. Despite the fact that the Court thereafter issued Orders to Plaintiffs to show cause why they have not responded to either Motion, they have still failed to file an opposition to the Motions or explain their failure to do so.[1]

---

[1] It does not appear that the remaining Defendants, Washington Mutual and Long Beach Mortgage, have been served. As more than 120 days have passed since the Plaintiffs filed their Complaint, the claims against Washington Mutual and Long Beach Mortgage are **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 4(m).

Having considered Plaintiffs' failure to file an opposition or to comply with the Court's Orders directing them to respond, the Court **GRANTS** Defendant Ryland Homes' Motion to Dismiss [Paper No. 5] and **GRANTS** Defendant Bierman, Geesing & Ward, LLC's Motion to Dismiss [Paper No. 13].

**I.**

Plaintiffs originally filed a Complaint against all Defendants on October 8, 2009, alleging various contentions of fraud and misrepresentation with respect to the purchase of their home in Bowie, Maryland. Defendant Ryland Homes filed a Motion to Dismiss on December 7, 2009. When Plaintiffs did not timely respond, on February 23, 2010, the Court issued an Order requiring Plaintiffs to show good cause within 20 days why the case against Ryland Homes should not be dismissed with prejudice. On February 23, 2010, Defendant Bierman, Geesing & Ward, LLC, filed a Motion to Dismiss. When Plaintiffs did not respond to this Motion, the Court again, on March 31, 2010 issued an Order requiring Plaintiffs to show good cause within 20 days why the case against Bierman, Geesing & Ward, LLC should not be dismissed with prejudice. To date, Plaintiff has not file any opposition to either Defendants' Motions.

**II.**

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad* Co., 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua* sponte). In this case, Plaintiffs have done both. First, they failed to respond to either Defendant Ryland Homes' or Defendant Bierman, Geesing & Ward, LLC's Motions to Dismiss, which appear to contain meritorious arguments. Then, they failed to respond to the

Court's clear orders to show good cause why the Motions to Dismiss should not be granted and why the case against these two Defendants should not be dismissed with prejudice.

Plaintiffs' inability to observe the Court's deadlines is unacceptable. Accordingly, Defendant Ryland Homes Motion to Dismiss [Paper No. 5] and Defendant Bierman, Geesing & Ward, LLC's Motion to Dismiss [Paper No. 13] are **GRANTED**, and the Complaint against these Defendants is **DISMISSED WITH PREJUDICE**.

A separate Order will issue.

April 21, 2010

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**